The STATE of Texas, PARKS AND WILDLIFE DEPARTMENT, Bruce Hill and Barry Decker, Appellants,

v.

Danny TIDWELL, Appellee.

No. 9529.

Court of Appeals of Texas, Texarkana.

Aug. 4, 1987.

Lee Brooks Wilson, Asst. Atty. Gen., Austin, for appellants.

Kevin Baird, Waldman, Smallwood & Grossman, Nederland, for appellee.

PER CURIAM.

The State of Texas, Barry Decker and Bruce Hill appeal a judgment obtained by Danny Tidwell in a negligence suit. We shall include Barry Decker and Bruce Hill within our references to the State unless otherwise specified.

Game Wardens Bruce Hill and Barry Decker took Tidwell into custody when he was caught hunting squirrels out of season in the Sabine River bottom. The wardens allowed him to break camp and secure his belongings before transporting him to a justice of the peace. Tidwell testified that he drank fourteen ounces or more of Old Charter at the camp and that one of the game wardens told him, "Yes, you better get a good drink because it is going to be a long dry spell." Tidwell was transported in the back seat of the wardens' vehicle with both wardens in the front seat.

On the way to Carthage, Texas, the wardens saw a large rattlesnake on the highway near a residential area. Tidwell testified that he was feeling the effects of the whiskey at that time and he told the officers, "Hell, turn around, I'll catch that snake." He further testified that Warden Hill turned the vehicle around and headed it back in the direction of the snake. On the way back to the location of the snake, Tidwell told the wardens, "Hell, I have caught snakes all my life."

After arriving at the location of the snake, Tidwell testified that the following events occurred:

Q What happened then?

A Decker and me got out of the car. I walked up to the snake, found the snake laying there beside the road. I kicked some grassed, (sic) rocks, there wasn't a limb or nothing to throw at the snake to

get him to coil up. Finally I kicked some grass and some rocks and the snake coiled up. I looked at the snake a little while and I squatted down and I looked at it and I couldn't see that the snake had been run over or hurt no way and he was coiled up. I took my right hand and held over the snake like this and I got the snake's attention with my right hand and I caught the snake.

Q And what happened then?

A When I moved my hand down to catch the snake the snake drawed his head back about an inch and I knowed I had messed up then. I picked the snake up and he hung me with a, with two fangs right there and there and before I could I could—before I could throw him down, he hung me with one fang in my hand.

The wardens administered first aid at the scene and transported Tidwell to Panola General Hospital in Carthage, where he was treated within approximately twenty-five minutes after the snake bite. He then was transferred to L.S.U. Medical Center in Shreveport, Louisiana, for further treatment, and he remained there in intensive care for about two weeks.

The jury found in response to special issues that Warden Hill (the driver) was negligent in parking in close proximity to the snake, and that such parking proximately resulted in Tidwell's injury; that Warden Decker was negligent in allowing Tidwell to get out of the vehicle, and that such negligence by Decker proximately resulted in Tidwell's injury. The jury also found that Tidwell was negligent in getting out of the vehicle before it came to a complete stop, in failing to follow the game warden's warning to leave the snake alone, and in picking up the snake.[1] These negligent acts by Tidwell were also found to be causes of Tidwell's injury. The negligence was apportioned by the jury as thirty percent to Warden Hill, thirty percent to Warden Decker, and forty percent to Tidwell. The jury found damages to Tidwell for hospital and medical expenses in the

sum of $13,268.45 and lost earnings in the sum of $9,000. The court deducted forty percent of this amount because of the findings of the percentage of the causation being attributable to Tidwell and awarded Tidwell a recovery of $13,360.80 plus prejudgment interest.

The State contends that the trial court erred in overruling its motion to disregard the findings on special issues 1 and 4, because there was no probative evidence to support the submission; that the trial court erred in failing to make the additional findings requested by the State; that there is a fatal conflict between issues 1(b) and 3(a); and that the jury finding on 3(a) makes the answer to 1(b) immaterial. All of these contentions relate to the findings regarding Warden Hill. There are no points of error which relate to Warden Decker, although he is shown to be an appellant, and the State does not raise the issue of governmental immunity.

■ In determining whether the trial court erred in its denial of the State's motion to disregard the jury finding on special issues 1 and 4, the correct inquiry is whether there was any evidence of probative force to support the verdict. *City of San Augustine v. Roy W. Green Co.,* 548 S.W.2d 467 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). We consider the evidence and the reasonable inferences drawn therefrom in their most favorable light to support the jury's finding, disregarding all contrary evidence and inferences. *King v. Bauer,* 688 S.W.2d 845 (Tex.1985).

The State has challenged the jury findings on special issue 1, which found Warden Hill to be negligent in parking in a close proximity to the snake and which also found his negligence to be a proximate cause of Tidwell's injury. They have also challenged the jury finding on special issue 4 that the percent of negligence attributable to Hill was thirty percent.

■ There was evidence to the effect that Warden Hill turned the car around when Tidwell made the suggestion that he

---

1. The jury also found Tidwell to have been negligent in his failure to throw the snake down

after it bit him, but further found that this was not a proximate cause of his injury.

**632**

would catch the snake. He then proceeded to park the car on the edge of the road within twenty feet of the snake. This created a situation in which it could be inferred that Warden Hill in his supervisory capacity (Tidwell being his prisoner) was going back for the purpose of allowing Tidwell to catch the snake. Furthermore, there is evidence to indicate that Hill was aware that Tidwell had consumed a significant amount of an alcoholic beverage.[2] The question for the jury was whether Hill's behavior of parking the vehicle near the snake constituted what a prudent person would have done under the same or similar circumstances. It could be inferred that Warden Hill's parking of the vehicle at that location not only enabled Tidwell to catch the snake, but was an encouragement and tacit approval of Tidwell's action. The jury found that warnings were given by the wardens telling Tidwell to get back into the car and leave the snake alone, but these warnings occurred after Tidwell had exited the vehicle and after Warden Hill's act of parking the vehicle in that location.

There is no question that Tidwell voluntarily exposed himself to a known danger. Prior to the adoption of comparative negligence in Texas, such conduct would have fallen into the concept of volenti non fit injuria and would have been a bar to recovery. However, as applied to this case, it is not a complete defense to an action for common law negligence, but rather becomes an element of contributory negligence. *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 758 (Tex.1975).

Viewing the evidence in the most favorable light to the verdict, we find that there was some evidence upon which the jury could have found negligence on the part of Hill. We look next to determine if there is some evidence upon which the jury could have based its finding on proximate cause.

Proximate cause includes two essential elements: (1) foreseeability and (2) cause in fact or causal relation. *Texas & Pacific Railway Co. v. McCleery*, 418 S.W.2d 494 (Tex.1967). For a result to be legally foreseeable, all that is required is that the injury be of such general character as might be reasonably anticipated, and that the injured party should be so situated with the relation to the wrongful act that injury to him or her or to one similarly situated might reasonably have been foreseen. *Motsenbocker v. Wyatt*, 369 S.W.2d 319 (Tex.1963).

The general character of the danger which could have been anticipated in parking near the snake was that someone would be bitten by the snake. While Tidwell's behavior would not normally have been a predictable human response to the situation, we find that the statements made by Tidwell that he would catch the snake constitute some . evidence of foreseeability. We further find that there is some evidence that Hill's parking in the vicinity of the snake was a cause in fact of the injury to Tidwell. We conclude that there is some probative evidence in support of the jury findings with regard to special issues 1 and 4.

The State also contends that the trial court erred in failing to make express findings that as a matter of law the negligent act on the part of Hill could not have proximately caused Tidwell's injury, and in failing to adjust the percentage of negligence of the remaining tortfeasors and entering judgment accordingly. We overrule this contention, because we do not find Hill to be entirely free of negligence as a matter of law.

The appellants also contend that there is a fatal conflict between the answers to special issues 1(b) and 3(a), and that the jury's answer to issue 3(a) renders their answer to special issue 1(b) immaterial. In

---

**2.** The fact that Tidwell was under the influence of alcohol did not alter his responsibility for his own conduct. A person who is voluntarily intoxicated must exercise the same degree of care in avoiding danger as would a sober person of ordinary prudence under similar circumstances.

*San Antonio Public Service Co. v. Fraser*, 91 S.W.2d 948 (Tex.Civ.App.—San Antonio 1936, no writ). This responsibility is reflected in the jury's finding that Tidwell was also negligent and that his negligence was apportioned to be forty percent of the causation.

special issue 1(b), the jury found that Warden Hill was negligent in parking the car in close proximity to the snake and that such negligence was a proximate cause of Tidwell's injury. In special issue 3(a), the jury found that Tidwell was negligent in exiting the vehicle prior to its coming to a complete stop.

When reviewing jury findings for conflict, the threshold question is whether the findings are about the same material fact. If the findings can be reconciled on a reasonable basis, they should be. The court must consider the pleadings, evidence, the manner of submission and the other findings viewed as a whole. If more than one reasonable construction is possible, the one which avoids a conflict is generally adopted. The question is not whether the findings may reasonably be viewed as conflicts, but instead whether there is any reasonable possible basis upon which they may be reconciled. *Luna v. Southern Pacific Transportation Co.,* 724 S.W.2d 383 (Tex.1987).

In the present case, Warden Hill could have been negligent in parking the car in close proximity to the snake even though Tidwell left the vehicle before it came to a complete stop. The fact that the vehicle had not completely stopped when Tidwell got out does not negate the negligence of parking the vehicle in that location. We do not find the answers to issues 3(a) and 1(b) to be inconsistent, and we do not find that issue 3(a) renders immaterial the finding in special issue 1(b).

The judgment of the trial court is affirmed.