NO. 07-04-0468-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2006
_____

EXCEL CORPORATION, APPELLANT

V.

SHIRLEY MCDONALD AND JIMMY MCDONALD
INDIVIDUALLY AND AS BENEFICIARIES OF THE ESTATE
OF JASON MCDONALD, APPELLEES
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-523-103; HONORABLE MACKEY K. HANCOCK, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Excel Corporation appeals from a judgment in favor of Shirley McDonald for damages suffered from the death of her son, Jason McDonald. We will reverse the judgment and remand the cause for a new trial.

Jason, age 19, was killed when the all-terrain vehicle he was driving collided with an automobile owned by Excel and driven by one of its employees. The collision occurred at the intersection of two county roads in Castro County. At the trial of the wrongful death

and survival action his parents brought against Excel, the jury found the collision resulted from the negligence of both drivers and attributed 55% fault to Excel's driver and 45% to Jason. In its responses to the damages questions, the jury found Shirley McDonald[1] had suffered past and future mental anguish damages totaling $300,000; zero damages for past and future loss of companionship and society; and pecuniary loss damages of $150,000 in the past and $50,000 in the future. Excel asked the court to disregard the jury's finding of $150,000 damages for past pecuniary loss. The court denied Excel's motion and rendered judgment on the jury's verdict.

Excel's appeal presents the single issue whether the trial court erred by denying its motion to disregard the jury finding or, restated, whether legally sufficient evidence supported the jury's finding that Shirley McDonald sustained past pecuniary loss in the amount of $150,000. Its brief asks that we render judgment eliminating the past pecuniary loss element of the recovery and the prejudgment interest on that amount. TEX. R. APP. P. 43.2(c).

Excel's brief succinctly summarizes the evidence and its argument as follows: "The evidence shows that Jason McDonald was a fine young man, who had graduated from high school and started college, was living with his mother, was a loving and attentive son, and was protective and supportive of his mother. He worked part-time while attending school, worked in the summer, made some financial contributions to his mother, mowed the lawn, did some house maintenance, and did domestic tasks for his mother. There is evidence

---

[1]Shirley McDonald and Jason's father are divorced. The jury awarded him no damages. He is not a party to this appeal.

which would support <u>some amount of pecuniary loss</u> from the date of Jason's death, July 10, 2003, to the date of the verdict, July 1, 2004, but the finding of $150,000.00 is pure fiction." (underlining in original).

Rule of Civil Procedure 301 authorizes the trial court, on motion and notice, to disregard a jury finding on a question that has no support in the evidence. We review Excel's appellate point complaining of the denial of its motion to disregard the jury's finding as a no-evidence or legal insufficiency issue. *State Parks & Wildlife Dep't v. Tidwell*, 735 S.W.2d 629 (Tex.App.–Texarkana 1987, no writ). If the jury's finding was supported by legally insufficient evidence, the trial court erred by denying Excel's motion. If the trial court so erred, its error without question led to its rendition of an improper judgment and thus requires reversal. TEX. R. APP. P. 44.1(a).

A legal sufficiency challenge will be sustained when, *inter alia*, the evidence offered to prove a vital fact is no more than a mere scintilla. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence rises to a level such that reasonable and fair-minded people could differ in their conclusions. *Id.*; *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). We will view the evidence in a light that tends to support the jury's finding and disregard all evidence and inferences to the contrary. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001); *Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex. 1992).

The jury charge defined pecuniary loss as "the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value,

3

excluding loss of inheritance, that Shirley McDonald would, in reasonable probability, have received from Jason McDonald had he lived."[2] As noted, the jury found $150,000 pecuniary loss damages "sustained in the past," and $50,000 "in reasonable probability will be sustained in the future."

Jason was the youngest of McDonald's three sons. Evidence showed Jason had a close relationship with his mother. One of his friends testified that Jason would "drop everything" to help his mother when she needed help. Jason had helped his mother financially. His employer Olan Moore and other witnesses testified that Jason commonly gave his paychecks to his mother.[3] From the time Jason was twelve or thirteen years old, he had worked for Moore during the summers. At the time of his death, Jason was making $8 or $8.50 an hour, his take-home pay ranging from $220 to $300 a week, depending on the hours worked.

As Excel's summary of the evidence states, Jason also willingly and routinely helped his mother with household chores. He performed household maintenance and repair, cleaning, and lawn mowing, and put up the Christmas tree and lights.

As Excel also acknowledges, the evidence supports a finding that Shirley McDonald suffered some pecuniary loss during the nearly one-year period from her son's death to the

---

[2]*See Moore v. Lillebo*, 722 S.W.2d 683, 687 (Tex. 1986) (so defining pecuniary loss for parent of adult child); Texas Pattern Jury Charges–General Negligence, PJC 9.5 (2003).

[3]McDonald's cross-examination testimony indicated that Jason had not given her his paycheck since October of 2002, when she obtained a better-paying job.

4

date of the verdict. That is sufficient, McDonald argues, to defeat Excel's no-evidence challenge to the jury's finding that the loss amounted to $150,000. McDonald contends that proof of pecuniary loss in the wrongful death context is not susceptible "to the kind of pencil and paper calculation which might be used . . . in a commercial case."[4] She cites *John Deere Co. v. May*, 773 S.W.2d 369 (Tex.App.–Waco 1989, writ denied), in which the court upheld an award of pecuniary loss damages to a minor daughter for the death of her father despite the absence of testimony placing a specific monetary value on his parental services. *Id.* at 379-80.

The requirement that the amount of damage awards be supported by evidence is not limited to commercial cases. *See, e.g., Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) ("Not only must there be evidence of the existence of compensable mental anguish, there must also be some evidence to justify the amount awarded.") There can be little doubt that such a requirement applies to amounts awarded for the pecuniary loss element of wrongful death damages. *See Moore*, 722 S.W.2d at 687 (pecuniary loss damages represent "direct economic losses"); *cf. C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 324 (Tex. 1994) (contrasting proof required for loss of inheritance damages with that for non-economic damages).

Viewing the evidence in the light most favorable to the verdict, the jury could have determined that Jason, in reasonable probability, would have contributed his paychecks

---

[4]Excel's citations include a number of lost profits and condemnation cases. *See, e.g., Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80 (Tex. 1992) (lost profits); *Callejo v. Brazos Electric Power Cooperative, Inc.*, 755 S.W.2d 73 (Tex. 1988) (condemnation).

to his mother. But even if he had continued to earn as much as $300 a week until the date of the verdict[5] and given it all to his mother, his contribution would not have totaled more than $15,000.

The jurors could apply their knowledge and experience to estimate the value of the household services Jason rendered his mother, without proof of their value. *Missouri-Kansas-Texas R. R. Co. v. Pierce*, 519 S.W.2d 157, 160 (Tex.Civ.App.–Austin 1975, writ ref'd n.r.e.); *Arando v. Higgins*, 220 S.W.2d 291 (Tex.Civ.App.–El Paso 1949, writ ref'd n.r.e.). A jury's discretion in doing so is not unlimited, however, and must be based on the evidence adduced. *Pierce*, 519 S.W.2d at 160. The evidence shows that Jason was extraordinarily diligent in helping his mother around the house but no evidence suggests that the nature or value of his services was out of the ordinary. No reasonable view of the evidence concerning Jason's services to his mother supports an estimated value even approaching $150,000 for the period before the verdict. We must agree with Excel that no evidence supports the jury's finding that McDonald suffered direct economic losses in the past of $150,000. We conclude the trial court erred by denying Excel's motion to disregard the finding, and we sustain Excel's issue on appeal.

When we reverse a trial court's judgment, normally it is our duty under Rule of Appellate Procedure 43.3 to render the judgment the trial court should have rendered. Tex. R. App. P. 43.3. As noted, Excel's brief prays only for rendition, asking that we render

---

[5]His employer testified Jason sometimes worked part-time during the school year. There is no evidence to suggest Jason intended to continue full-time work after the summer. All the evidence is that he intended to resume his college classes in the fall.

judgment eliminating the past pecuniary loss element of the recovery and the prejudgment interest on that amount. Excel acknowledges our authority under Rule 43.3(b) to remand for a new trial when the interests of justice require it. Excel argues against remand, pointing to the supreme court's discussion of its similar authority under Rule 60.3 in *Kerr-McGee Corp. v. Helton*, 133 S.W.3d 245, 258-60 (Tex. 2004); TEX. R. APP. P. 43.3, 60.3. It contends remand is no more appropriate here than in *Helton*. We disagree.

*Helton* is a natural gas lease drainage case. The plaintiff there relied on an expert witness to provide the only evidence of the amount of damages. The supreme court found the expert's testimony on that subject was unreliable and constituted no evidence. Concluding the plaintiff thus had failed to present any competent evidence of the amount of his damages, the court reversed the lower courts, and rendered a take-nothing judgment. *Helton*, 133 S.W.3d at 247.

Here, by contrast, Excel acknowledges that McDonald presented evidence supporting some award for past pecuniary loss. Under these circumstances, remand is appropriate. Because liability was contested at trial, we may not remand only for retrial of the damages. TEX. R. APP. P. 44.1(b); *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001) (per curiam). Accordingly, the trial court's judgment is reversed and the cause is remanded for a new trial.

James T. Campbell
Justice

7