**PARADIGM OIL, INC., Pacific Operators, Inc., and Pacific Operators of Texas, Inc., Appellants,**

v.

**RETAMCO OPERATING, INC., Appellee.**

No. 04–06–00108–CV.

Court of Appeals of Texas, San Antonio.

Aug. 29, 2007.

Rehearing Overruled Oct. 8, 2007.

Jeff Small, Law Office of Jeff Small, John M. Castillo, Ray B. Jeffrey, Stumpf Craddock Massey & Farrimond, P.C., San Antonio, for appellants.

James L. Drought, Calhoun Bobbitt, Drought, Drought & Bobbitt, L.L.P., Jesse R. Castillo, Castillo Snyder, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by STEVEN C. HILBIG, Justice.

This is an appeal of the trial court's judgment rendered after this court remanded for a new hearing on unliquidated damages. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531 (Tex.App.-San Antonio 2004, pet. denied). The trial court's judgment awards Retamco Operating, Inc. actual damages of $5,656,409 and attorney's fees of over $700,000, jointly and severally against Paradigm Oil, Inc., Pacific Operators, Inc., and Pacific Operators of Texas, Inc., and awards exemplary damages of $10,000,000 against each of the defendants. Because the record contains legally insufficient evidence to support the award of actual damages, we again reverse the judgment and remand the cause to the trial court for a new trial on damages.

### FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of a 1984 contract between Retamco Operating, Inc. ("ROI") and PNB Securities, Inc. ("PNB"). Pursuant to the contract, ROI transferred a number of oil and gas properties to PNB and ROI retained various rights and interests in some of the properties transferred, including the right to receive assignments of overriding royalty interests in properties on which wells were drilled and the right to receive "back in" working interests when drilling costs were paid out. In 1999 ROI sued PNB, PNB's transferees and assignees, operators of the oil and gas properties that were the subject of the 1984 contract, and others. ROI alleged Paradigm Oil, Inc. purchased some of the oil and gas properties from PNB and that under the terms of the 1984 contract and Paradigm's contract with PNB, Paradigm succeeded to and became obligated to perform all of PNB's obligations to ROI under

the 1984 contract. ROI alleged Pacific Operators, Inc. was the operator of some of the oil and gas properties at issue and that Pacific Operators of Texas, Inc. succeeded to the liabilities of Pacific Operators, Inc.[1] ROI alleged it had not received assignments of overriding royalty interests to which it was entitled, had been denied its right to timely elect to convert its overriding royalty interests to working interests, and had not been paid the overriding royalties and working interest revenue it was due under the 1984 contract. ROI pled causes of action for breach of contract, fraud, and fraudulent concealment, and alleged all the defendants were jointly and severally liable for its damages under theories of conspiracy, alter ego, successor liability, and joint enterprise liability.

In 2003, after Paradigm's repeated refusals to provide discovery, the trial court granted ROI's motion for sanctions and for a default judgment.[2] The trial court found an "egregious and flagrant pattern of discovery abuse in this case, which is and has been directly related to [ROI's] claims of damages as well as liability." The court struck Paradigm's answer, granted a default judgment, and further sanctioned Paradigm by ordering:

> Paradigm Oil, Inc., Pacific Operators, Inc and Pacific Operators of Texas, Inc., may not, and are disallowed to, oppose Plaintiff's claims of breach of contract and fraud, fraudulent concealment, accounting, conspiracy, alter ego, joint enterprise liability, claims to overriding royalty interests, damages, exemplary damages, pre-judgment interest, or attorney's fees, whether by cross examination, objection to evidence offered, or offer of evidence.

At ROI's request, the trial court took notice of the evidence introduced at a hearing before another judge in 2002, found damages in the amount found by the judge in 2002, rendered judgment for ROI, and severed the claims against Paradigm from the rest of the suit. On appeal, this court held the trial court did not abuse its discretion in granting "death penalty sanctions," granting a default judgment, or severing the claims. *Paradigm*, 161 S.W.3d at 540. However, because neither the record of the 2002 hearing nor any other evidence of damages was introduced at the final hearing, this court held the damage award was not supported by any evidence. *Id.* Accordingly, the judgment was affirmed in part, reversed as to the amount of damages awarded, and remanded for a new hearing on damages. *Id.*

The day before the new hearing on ROI's unliquidated damages, Paradigm filed a motion for application of a settlement credit and a motion to set aside the default judgment and to dismiss alleging for the first time that ROI lacks standing to pursue these claims. Paradigm attempted to present the motions to the trial court at the damages hearing, but ROI objected to the motions and to the introduction of any evidence based on them. The court did not hear argument on the motions, but impliedly denied them by entering judgment for ROI and not applying a settlement credit. After hearing ROI's witnesses, the trial court rendered judgment against the Paradigm defendants jointly and severally for $5,656,409 in actual damages and over $700,000 in attorney's fees, and awarded ROI exemplary damages of $10,000,000 against each defendant. The trial court signed findings of fact and

---

1. Hereafter, Paradigm Oil, Inc., Pacific Operators, Inc., and Pacific Operators of Texas, Inc. are collectively referred to as "Paradigm."

2. A more complete recitation of the facts giving rise to the sanctions order is found in this court's earlier opinion. *Paradigm*, 161 S.W.3d at 534–36.

conclusions of law and denied Paradigm's motion to modify or for a new trial.

In this appeal, Paradigm presents five issues: (1) the trial court lacked jurisdiction because ROI does not have standing to pursue its claims; (2) ROI's claims are barred by limitations; (3) the evidence is legally and factually insufficient to support the actual damages award; (4) ROI is not entitled to exemplary damages as a matter of law or, alternatively, the evidence does not support the amount of exemplary damages awarded; and (5) Paradigm is entitled to credits against the judgment for two settlements.

## STANDING

Paradigm first contends we should dismiss this case for lack of jurisdiction because ROI does not have standing to pursue the claims. Because standing is a component of subject matter jurisdiction, which "is essential to the authority of a court to decide a case," it cannot be waived and may be raised for the first time on appeal. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443, 445 (Tex.1993). We review de novo the trial court's denial of a jurisdictional plea. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (2004). In doing so, we look to the allegations in the petition, but also consider other evidence in the record if necessary to resolve the standing issue. *See Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

Paradigm contends the documents attached to its plea to the jurisdiction establish that ROI, the plaintiff in this case, is a different corporate entity from the "Retamco Operating, Inc." that signed the 1984 contract; that ROI has never legally acquired any rights under the contract or to the oil and gas interests at issue; and that ROI thus has no standing to pursue the claims alleged in this suit. ROI ob-

jected to the trial court considering Paradigm's evidence and argues its standing and the trial court's jurisdiction are established by the facts alleged in its petition. The trial court found as a matter of fact that "Retamco Operating, Inc., the Plaintiff in this case, is a party to the 1984 Purchase Agreement." We agree.

When the trial court rendered a default judgment against Paradigm, "all allegations of fact set forth in the petition [were] deemed admitted, except the amount of damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *see Fears v. Mech. & Indus. Technicians, Inc.*, 654 S.W.2d 524, 528 (Tex.App.-Tyler 1983, writ ref'd n.r.e.) (holding default judgment entered after party's answer is stricken as discovery sanction is treated as no-answer default judgment). The default judgment on liability was affirmed by this court and the Texas Supreme Court denied Paradigm's petition for review. ROI's petition, admitted into evidence at the damages hearing, alleges as fact that "[o]n or about June 14, 1984, **Plaintiff,** Retamco Operating, Inc. ('ROI') entered into a Purchase Agreement with Defendant PNB Securities Corp. ('PNB')" (emphasis added). Paradigm is deemed to have admitted this fact and it was established as a matter of law. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex.1989) (holding that "[a]n admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it"); *Fiduciary Mortg. Co. v. City Nat'l Bank of Irving*, 762 S.W.2d 196, 200 (Tex.App.-Dallas 1988, writ denied) (holding facts alleged in petition were established as a matter of law when defendant's pleadings were struck as sanction). By admitting that ROI, the plaintiff in this case, entered into the 1984 contract, Paradigm judicially admitted a fact that established ROI's standing and

Paradigm is estopped from later denying standing. *See Shepherd v. Ledford,* 962 S.W.2d 28, 33 (Tex.1998) (judicial admission that plaintiff and decedent were common-law spouses established plaintiff's standing to bring wrongful death action and defendants were estopped from challenging plaintiff's standing); *Jansen v. Fitzpatrick,* 14 S.W.3d 426, 431 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (judicial admission in party's brief established plaintiff's standing). Accordingly, ROI's standing is established by the record and the trial court had subject matter jurisdiction over the case.

### LIMITATIONS

■ Paradigm also argues this suit is barred by limitations. However, limitations is an affirmative defense that is waived if not pleaded. TEX.R. CIV. P. 94; *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). Because Paradigm's answer was stricken, it did not plead the defense and thus waived it.

### SUFFICIENCY OF THE EVIDENCE

■ Paradigm next contends the evidence is insufficient to support the actual damages awarded. The legal and factual sufficiency of the evidence supporting an award of unliquidated damages after a default judgment may be challenged on appeal. *Arenivar v. Providian Nat'l Bank,* 23 S.W.3d 496, 498 (Tex.App.-Amarillo 2000, no pet.); *see Holt Atherton,* 835 S.W.2d at 84–86.[3] To decide Paradigm's "no evidence" issue, we review the record of the damages hearing in the light most favorable to ROI and determine whether there is more than a scintilla of evidence to

support the award. *See Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 903, 911 (Tex.2004). "More than a scintilla of evidence exists when the evidence supporting the . . . finding 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* at 911 (quoting *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 234 (Tex.2004)).

### *ROI's Evidentiary Burden*

■ When a no-answer default judgment is rendered, the defendant's liability for all causes of action pled is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 731 (Tex.1984). The plaintiff must prove by competent evidence the amount of his unliquidated damages and must prove that the injury for which damages are sought was proximately caused by the event for which liability has been established. *Id.* at 732. "The damages must be ascertainable in some manner other than by mere speculation or conjecture, and by reference to some fairly definite standard, established experience, or direct inference from known facts." *A.B.F. Freight Sys., Inc. v. Austrian Imp. Serv., Inc.,* 798 S.W.2d 606, 615 (Tex.App.-Dallas 1990, writ denied).

The default judgment therefore conclusively established, as alleged in the petition, that Paradigm assumed all of PNB's obligations under the 1984 contract; that Paradigm committed breach of contract and fraud; and that Paradigm is jointly and severally liable with the other defen-

---

**3.** In its brief and at oral argument, ROI suggested the sanctions order prohibiting Paradigm from opposing ROI's damages precludes Paradigm from raising a sufficiency issue on appeal. ROI did not provide this court with any argument supporting such a construction of the sanctions order or with any authority that such a construction would be lawful. Accordingly, ROI has failed to present the issue and we decline to address it. *See* TEX. R.APP. P. 38.1(h).

dants for the damages caused by all of their breaches of contract and fraud. To recover judgment, ROI was required only to prove by competent evidence the amount of its damages and that its injuries were caused by the breaches of contract and fraudulent conduct. *See id.*

### The Evidence

Landman John Thomas provided the only evidence of damages. Thomas testified he was retained to review the 1984 purchase agreement, examine the leases sold under the agreement, ascertain if ROI had been properly paid, and determine whether ROI was entitled to further interests in wells pursuant to the agreement. He testified about his qualifications and stated his testimony was based on his own experience, his review of data relevant to the case, and his consultation with petroleum engineer Charles Graham. Thomas generally identified the types of records and documents he reviewed and explained how he identified the properties in which ROI has an interest pursuant to the contract and on which properties new wells had been drilled since 1984. Thomas testified he determined, but did not identify in court, which leases had additional exploration on them and "fit the formula" for ROI to have an overriding royalty interest. He also determined, but did not identify in court, the leases in which ROI was entitled to have a "back in" or reversionary working interest once the wells reached payout status.

Thomas testified Paradigm charged costs for drilling and operating that "seem[ed] excessive." Thomas therefore estimated what the drilling costs and monthly operating costs should have been by referring to his memory and to "old" records in his possession for wells drilled in Dimmit County, "not too far from" one of the bigger leases involved in this case.

After consulting with Graham, Thomas "think[s]" his estimates are not "very far from what they should have been." Thomas considered the actual charges for monthly operating costs he reviewed to be "excessive" in comparison to his estimates. Thomas therefore used his estimated costs in preparing his damage calculations.

To determine pricing, production, and well proceeds, Thomas used "posted prices [Graham] has . . . in various land books," and "ticket stubs" and production information to which Thomas has access. After consulting with Graham, Thomas "did some calculation as to Retamco's interests . . . calculated the production, and then, . . . came to the ultimate calculation as of July 1st of [2005]." In his opinion, ROI should have been paid, but was not, $1,661,000 in revenues on overriding royalty interests and $1,688,438 in revenues on "back in" working interests. Graham calculated the interest on these amounts to be $440,325 and $503,844, respectively, using "some formulas in [the Texas Natural Resources Code]." Graham also calculated the damages owed on future production to be $1,962,124, based on his familiarity with the various types of production for the areas involved, his knowledge of how long the wells will last and what the decline rate will be, and computer programs that give some estimate of the future value of the properties. The trial court entered findings that Thomas was qualified as an expert, his methodology was reliable, and the facts and data he relied on for his opinions, including that provided by Graham, were the types reasonably relied on by experts in the field.

### Discussion

■ Paradigm argues ROI presented no evidence of damages because Thomas's opinions on the amount of damages are not supported by any objective facts, figures,

or data in the record. Paradigm contends the testimony was speculative and conclusory and therefore incompetent.[4] ROI responds that under Texas Rules of Evidence 704 and 705, it was permissible for Thomas to testify to ultimate issues and to give opinions without disclosing any underlying facts or data. Although ROI is correct regarding the substance of Rules 704 and 705, we agree with Paradigm that Thomas's testimony is speculative and conclusory.

▮ Expert opinion testimony on an ultimate issue is **admissible** and an expert "may testify in terms of opinion or inference and give the ... reasons therefor without prior disclosure of the underlying facts or data." Tex.R. Evid. 704, 705. However, for an expert's opinion testimony on an ultimate issue to be **competent**, it must not be speculative or conclusory. *See Coastal Transp.*, 136 S.W.3d at 232 ("[o]pinion testimony that is conclusory or speculative ... is 'incompetent evidence,' and ... cannot support a judgment"). Expert opinion that has no factual substantiation in the record is speculative or conclusory. *Beaumont v. Basham*, 205 S.W.3d 608, 621 (Tex.App.-Waco 2006, pet. denied); *United Servs. Auto. Ass'n v. Croft*, 175 S.W.3d 457, 463 (Tex.App.-Dallas 2005, no pet.). "In other words, the expert must explain how he reached his conclusion." *Id.* at 464. This is because " 'it is the basis

of the witness's opinion, and not the witness's qualifications or his bare opinions alone, that can settle an issue as a matter of law; a claim will not stand or fall on the mere *ipse dixit* of a credentialed witness.' " *Coastal Transp.*, 136 S.W.3d at 232 (quoting *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex.1999)). Opinion testimony on damages must be supported by objective facts, figures or data from which the amount may be ascertained with reasonable certainty; if it is not, it is speculative and conclusory and will not support a judgment. *See Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649–650 (Tex. 1994); *James L. Gang & Assocs., Inc. v. Abbott Labs., Inc.*, 198 S.W.3d 434, 443 (Tex.App.-Dallas 2006, no pet.); *Lefton v. Griffith*, 136 S.W.3d 271, 277 (Tex.App.-San Antonio 2004, no pet.); *Capital Metro.*, 114 S.W.3d at 577–580.

In his testimony, Thomas did no more than identify the general types of information he reviewed and relied upon, give an incomplete summary of the procedure he followed to make his calculations, and render a conclusory opinion on the amount of damages. Although the evidence shows Thomas examined facts and data that would be appropriate to consider in calculating damages, he failed to specifically identify any of the facts, failed to provide any of the data, failed to explain how the facts and data affected his calculations,

---

4. Paradigm also argues in its reply brief that Thomas was unqualified to testify as an expert on oil and gas accounting procedures or methodology. However, an objection to an expert's qualifications must be preserved by objection or it is waived. *See Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 143–44 (Tex.2004). Because Paradigm did not and could not object to Thomas's qualifications, this issue is waived. On the other hand, no objection was required for Paradigm to challenge the legal sufficiency of the evidence on the ground that Thomas's testimony is speculative or conclusory on its face because "there

is no need to go beyond the face of the record to test its reliability." *Coastal Transp.*, 136 S.W.3d at 233; *see also Capital Metro. Transp. Auth./Cent. of Tenn. Ry. & Navigation Co., Inc. v. Cent. of Tenn. Ry. & Navigation Co., Inc.*, 114 S.W.3d 573, 577–580 (Tex.App.-Austin 2003, pet. denied) (holding that challenge to expert opinion on damages on ground it is not supported by objective facts, figures, or data in the record is not a challenge to the reliability of the expert's methodology and does not require contemporaneous objection). Paradigm preserved its sufficiency challenge by raising it in its motion for new trial.

and failed to show any of his calculations. For example, there is no evidence from which the trial court could evaluate Thomas's analysis of the drilling and operating costs. There is no evidence of what Paradigm actually charged for drilling and operating costs. Although Thomas testified he used "old" information from wells drilled near one of the leases at issue as comparative data to conclude the costs charged were "excessive," he did not testify how old that information was or how similar the wells were, did not disclose the amount of the costs he used as a comparison, and did not testify what standard he used to gauge "excessiveness." Thomas did not provide any further factual basis for how he determined the costs he used in his damages calculations. Other parts of Thomas's analysis are similarly lacking: Thomas did not provide any factual information about the prices or production he used in his calculations, other than to state they were based on "information" available to either him or Graham; Thomas did not specify the leases for which $1,661,000 in overriding royalty interest revenue is due or those for which $1,688,438 in back-in working interest revenue is due; Thomas never testified that he determined or considered the revenues ROI actually received in making his calculations; there was no evidence about what rate or method was used to calculate interest; and there was no evidence about what the $1,962,124 "value for future production" referred to, how it was calculated, or whether the value of future production had been discounted to present value. We therefore agree with Paradigm that Thomas's opinion as to damages was wholly speculative and conclusory because he failed to provide factual substantiation for the opinions and failed to sufficiently explain how he reached his conclusions. *See Burrow*, 997 S.W.2d at 235–36 (holding that expert testimony identifying relevant factors to consider in determining settlement value of case and stating that after reviewing and considering all those factors, it was expert's opinion that plaintiffs were fairly compensated by the settlement and thus suffered no damage, was wholly conclusory because it failed to state reasoned basis for opinion and was no evidence to support take nothing judgment); *James L. Gang*, 198 S.W.3d at 443 (holding that testimony of amounts expended in reliance on promises that was not supported by facts, data, or figures appearing in the record was conclusory and not competent evidence of reliance damages); *Lefton v. Griffith*, 136 S.W.3d 271, 277 (Tex.App.-San Antonio 2004, no pet.) (holding witness's testimony about damages was wholly conclusory and incompetent where witness provided no factual support for her conclusion). Because we sustain a no evidence challenge to a judgment awarding unliquidated damages following a default judgment and damages hearing in which the defendant did not participate, we remand the case for a new damages hearing instead of rendering judgment. *See Holt Atherton*, 835 S.W.2d at 86; *see also* Tex.R.App. P. 43.3(b) (stating court of appeals may remand for new trial in interests of justice); *Excel Corp. v. McDonald*, 223 S.W.3d 506 (Tex.App.-Amarillo, 2006, pet.denied) (applying Rule 43.3(b)).

## OTHER ISSUES

Because we hold there is insufficient evidence to support an award of actual damages, we must also reverse the awards of exemplary damages and attorney's fees. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex.2004) (per curiam) (holding that to recover attorney's fees in breach of contract action, claimant must recover actual damages); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 665 (Tex.1995) (holding puni-

tive damages are not recoverable unless actual damages sustained from a tort are proven). Accordingly, we need not decide Paradigm's issues relating to the award of exemplary damages: whether the injury for which ROI seeks to recover results from fraud, breach of contract, or both, and whether the evidence is sufficient to support the amount of exemplary damages awarded.[5]

 Paradigm also contends the trial court erred in failing to apply a settlement credit to the judgment, arguing it is entitled to the credit pursuant to the "one satisfaction" rule. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390–91 (Tex. 2000); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991). Although we need not decide this issue to dispose of the appeal and do not decide whether Paradigm is entitled to the requested settlement credit on the record in this case, we feel compelled to address one of ROI's arguments in the interest of judicial economy. ROI contends the trial court was not required to consider Paradigm's motion for a settlement credit because the motion was filed in violation of the sanctions order, which ROI characterizes as "striking ... all defensive pleadings" and "disallow[ing] [Paradigm] either to plead or prove anything." We disagree. The sanctions order struck Paradigm's answer and prohibited it from opposing liability and from opposing ROI's damages claims "by cross-examination, objection to evidence offered, or offer of evidence." The sanctions order did not prohibit Paradigm from filing pleadings or prohibit Paradigm from "proving anything." The motion for a settlement credit is not required to be pled in an answer, does not oppose or contest

Paradigm's liability, and does not oppose or contest the amount of the ROI's damages. Rather, it claims an entitlement to a credit against a judgment on the ground that ROI should be entitled to recover its damages for a single injury only once. This motion does not violate the sanctions order, and if presented to the trial court on remand, should be considered and decided on its merits.

### CONCLUSION

For the reasons stated above, we reverse the trial court's judgment and remand the cause for a new hearing on unliquidated damages consistent with this opinion.

---

5. We note that if ROI suffered a single injury resulting from both fraud and breach of contract, it is nevertheless entitled to only one recovery for that injury and should be required to elect between its fraud and contract remedies. *See Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 185 (Tex.1998); *JHC Ventures, L.P. v. Fast Trucking, Inc.*, 94 S.W.3d 762, 774–76 (Tex.App.-San Antonio 2002, no pet.).