# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00011-CV

**$1,411.26 US Currency, et al, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCV327111, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this civil forfeiture proceeding, Gordon Ridley, proceeding pro se, appeals a no-answer default judgment rendered in favor of the State. Construing his appellate brief liberally as we must, *see* Tex. R. App. P. 38.9, Ridley asserts in two issues on appeal that the evidence is insufficient to support forfeiture and that the default judgment was improper because he mailed his answer to the district clerk's office. We will affirm the order of forfeiture.

## BACKGROUND

On August 30, 2021, the State filed a notice of seizure and intended forfeiture of $1,411.26 in U.S. Currency, 1.7 grams of methamphetamine, and 4.35 grams of marijuana allegedly found in Ridley's vehicle during a traffic stop. Attached to the notice was an affidavit of the seizing officer, Detective Mayra Ayala of the Killeen Police Department, who averred that on July 31, 2021, another officer stopped Ridley for not displaying a front license plate or a State of Texas registration sticker. During the stop, the officer "observed a glass pipe that was

wrapped with a white towel in the passenger side door compartment," with "a charred substance in the top of the pipe." The officer asked Ridley about the pipe "and he acknowledged it but claimed that he let his friend borrow his car earlier and they must have left it in the vehicle." The officer "instructed Ridley to exit the vehicle so a search could be conducted." During the search, the officer found "[f]ive small individual bags of [a] green leafy substance" in Ridley's right front pocket, which Ridley admitted to the officer was marijuana. Between the driver's seat and the center console, the officer also found "a clear bag that contained a clear crystal-like substance" that field-tested positive for methamphetamine and, in the front passenger seat, a black backpack with "a black zipper pouch that contained a large sum of US Currency and coins totaling $1,411.26."

Ridley was arrested and transported to the Killeen Jail, where he was interviewed by Detective Ayala. According to Ayala, Ridley admitted during the interview that the marijuana belonged to him but expressed surprise about the methamphetamine found in the vehicle. He told Ayala that it might have belonged to Elena Truelove, who Ridley claimed took the vehicle without his permission earlier in the day. Ayala averred that based on the above information, she believed that the $1,411.26 in U.S. Currency and the narcotics found in the vehicle were contraband and subject to forfeiture.

Ridley was personally served with citation on September 8, 2021. The citation informed Ridley that failure to file a written answer by 10:00 a.m. on the first Monday following the expiration of twenty days after service could result in a default judgment. The record does not reflect that Ridley filed an answer or any other responsive pleading.

On November 19, 2021, following a hearing, the district court signed its default order of forfeiture. The order recited that "[a]lthough duly and legally cited to appear and

2

answer in accordance with Article 59.04 of the Texas Code of Criminal Procedure, [Ridley] failed to appear and answer within the time prescribed by law." The order further recited that:

> Defendant was served a certified copy of Plaintiff's Notice of Seizure and Intended Forfeiture on September 8, 2021. Citation of Service was returned to the District Clerk where it remained on file for the time required by law.

> The Court has heard testimony, read the pleadings, the sworn statement of the seizing officer and the other papers on file and is of the opinion that the allegations contained in Plaintiff's Notice of Seizure and Intended Forfeiture have been admitted, including that allegation which states that the $1,411.26 US Currency, 1.7 gram Methamphetamine, and 4.35 grams Marijuana, the subject of this suit for forfeiture, is contraband . . . .

> Further, the Court is satisfied that Plaintiff has complied with the notification requirements of Article 59.04 of the Texas Code of Criminal Procedure.

The district court ordered "that all the seized property and narcotics be forfeited to the Bell County District Attorney's Office and the Killeen Police Department" and informed Ridley of the forfeiture. Ridley did not file a motion for new trial or any other post-judgment motion. Instead, he filed this direct appeal.

## DISCUSSION

**Sufficiency of the evidence**

In his first issue, Ridley asserts that the evidence is insufficient to support forfeiture. Specifically, he claims that the methamphetamine found in the vehicle belonged to his "romantic interest" Elena Truelove, who had taken the vehicle without his consent, and that the money found in the vehicle was not contraband used in the sale of narcotics but instead was money that had been given to him by the IRS as an economic-stimulus payment.

Property that is contraband is subject to seizure and forfeiture. Tex. Code Crim. Proc. art. 59.02(a). "Contraband" means property of any nature that is used or intended to be used in the commission of various criminal offenses, including drug offenses, or proceeds gained from the commission of those offenses. *See id*. art. 59.01(2)(B)(i), (C). The State has the burden of proving by a preponderance of the evidence that property is contraband subject to forfeiture. *Id*. art. 59.05(b). The State also has the burden to show that probable cause existed for seizure of the property. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013). Probable cause, in the context of civil forfeiture, is "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Id*. (quoting *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987)).

"Forfeiture proceedings in Texas, although governed by the Code of Criminal Procedure, 'are distinctly civil in nature.'" *State v. $71,404.00 U.S. Currency*, 593 S.W.3d 441, 443 (Tex. App.—Austin 2019, pet. denied) (quoting *State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 693 (Tex. 2016)). "Accordingly, the Rules of Civil Procedure apply to forfeiture proceedings," *id*., as do other rules governing civil cases, *see* Tex. Code Crim. Proc. art. 59.05(a) ("All parties must comply with the rules of pleading as required in civil suits."), (b) ("All cases under this chapter shall proceed to trial in the same manner as in other civil cases."). This includes the rules regarding default judgments. *See $429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see also* Tex. R. Civ. P. 239.

Generally, two types of default judgments are recognized under Texas law, a no-answer default judgment and a post-answer default judgment.[1] *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183–84 (Tex. 2012); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). A no-answer default judgment is "caused by a defendant's failure to answer after service." *Paradigm Oil, Inc.*, 372 S.W.3d at 183; *see also* Tex. R. Civ. P. 239. A post-answer default judgment "occurs when a defendant who has answered fails to appear for trial." *Lerma*, 288 S.W.3d at 925. "In the latter instance, a post-answer default 'constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer.'" *Paradigm Oil, Inc.*, 372 S.W.3d at 183 (quoting *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). "Because the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must prove its claim." *Id.*

"By contrast, the non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Id.* (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984)). Consequently, "[w]hen a no-answer default judgment is rendered, the defendant's liability for all causes of action pled is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied). Stated another way, "[i]n a no-answer default context, judgment can be entered on the pleadings alone, and all facts properly pled are deemed admitted." *Whitaker v.*

---

[1] "Other variations" of default judgments "exist," *see Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 n.8 (Tex. 2012), but they are not applicable here.

5

*Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.). As this Court has explained, "no evidence is necessary to support a no-answer default judgment because the defendant's failure to answer is taken as admitting the allegations of the petition." *Williams v. Williams*, 150 S.W.3d 436, 446 (Tex. App.—Austin 2004, pet. denied) (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)). "Indeed, it is well established that a default judgment operates as an admission of the material facts alleged in the plaintiff's petition." *Id*. (citing *Heine*, 835 S.W.2d at 83; *Stoner*, 578 S.W.2d at 684).

Here, the record reflects that Ridley failed to answer the State's notice of seizure and intended forfeiture. By failing to answer, Ridley admitted to the material facts alleged in the notice, including that he owned the narcotics and that the cash found in the vehicle was contraband. Accordingly, the State's allegations in the notice are considered conclusively established, and Ridley is precluded from challenging the sufficiency of the evidence supporting those allegations.[2] *See Heine*, 835 S.W.2d at 83; *Morgan*, 675 S.W.2d at 731; *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 770 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also One Thousand Three Hundred Fifty Four U.S. Dollars v. State*, No. 11-06-00310-CV, 2008 WL 802989, at *1 (Tex. App.—Eastland Mar. 27, 2008, no pet.) (mem. op.) (applying rule precluding sufficiency review to forfeiture proceeding).

---

[2] A non-answering party is allowed to challenge the sufficiency of the evidence regarding the amount of any unliquidated damages alleged in a plaintiff's petition, *see Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992), but damages are generally not applicable in a forfeiture proceeding, *see State v. Seventeen Thousand Two Hundred Seventy Dollars in U.S. Currency*, No. 01-99-00213-CV, 2000 WL 124689, at *1 (Tex. App.—Houston [1st Dist.] Feb. 3, 2000, pet. denied) (mem. op.).

We overrule Ridley's first issue.[3]

**Propriety of default judgment**

In his second issue, Ridley asserts that the default judgment was improper because he filed an answer. Specifically, he contends that "on or about September 20 [or] 21, 2021, [Ridley] and Ms. Truelove answered the notice [of forfeiture] with an <u>affidavit of fact</u> that was placed in a regular mailbox from Harker Heights, Texas."

However, the clerk's record contains no such filing or any other responsive pleading, and the clerk of the district court has certified that the documents contained in the clerk's record "comprise a true and correct transcript of all the matters and proceedings had and done in said cause." Ridley has not provided this Court with a copy of his "affidavit of fact" or any evidence that it was mailed to the district clerk, nor has he provided evidence that this document was ever received or filed by the district clerk's office. Moreover, because extrinsic evidence would be needed to establish that Ridley filed an answer, this is not the type of complaint that can be raised for the first time on appeal. *See* Tex. R. Civ. P. 324(b)(1) ("A point in a motion for new trial is a prerequisite to the following complaints on appeal: A complaint on which evidence must be heard such as . . . failure to set aside a judgment by default."); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004) ("'The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, or by bill of review filed in the trial court.'" (quoting *General Elec. Co. v. Falcon Ridge Apartments,*

---

[3] We also note that we have no reporter's record of the forfeiture hearing that would enable us to review the evidence presented at that hearing. Although "[t]he lack of a reporter's record in a post-answer default judgment requires reversal" due to the requirement that the plaintiff prove its allegations at trial, "[s]uch is not the case in a no-answer default judgment," where "judgment can be entered on the pleadings alone." *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

7

*Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991))).  Ridley did not file a motion for new trial or any other post-judgment motion raising this complaint with the district court, and he cannot raise it in this Court for the first time now.  *See* Tex. R. App. P. 33.1.

We overrule Ridley's second issue.

## CONCLUSION

We affirm the district court's default order of forfeiture.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed:   July 28, 2023