George J. MUSEY et al., Appellants,

v.

DICKINSON SOCIAL CLUB, Inc.,
et al., Appellees.

No. 15716.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1971.

Hutcheson, Taliaferro & Grundy, William G. Wilson, Houston, for appellants.

Hancock, Bellard, Gay & Kaye, Kenneth C. Kaye; Charles R. Hancock, Dickinson, for appellees.

PEDEN, Justice.

Appeal by the individual defendants from the granting of a summary judgment in favor of the plaintiffs in a suit on a promissory note. One of the makers of the note was Rancho Alegre Corporation (George J. Musey signed as President, and Mary Papich attested as secretary). George J. Musey, Mary Papich and Jack Papich also executed the note individually as makers. The note was later collaterally assigned by the payee, Dickinson Social Club, Inc. to the Citizens Investment Co. Payment of the note was secured by a deed of trust executed by the corporate maker only.

The record on appeal consists of a transcript only, but the parties agree as to the relevant events.

This suit was brought by the payee and the assignee-holder against Rancho Alegre Corp. and all three named individuals as makers of the note. Citation was served on each defendant on February 16, 1970.

On February 27, 1970, Rancho Alegre Corp. began a proceeding for a Chapter XI Arrangement in Bankruptcy Court. On the same day the Referee in Bankruptcy for the U. S. District Court entered a temporary restraining order, and after a hearing on March 9, 1970, he continued in effect his order enjoining and restraining all creditors of Rancho Alegre Corp., their

attorneys, agents, servants, trustees and employees, etc., pending further order of that court, from doing any act or commencing or continuing any suit or proceeding to assert or enforce any claim against Rancho Alegre Corp. Such order was signed on March 24, 1970.

In the instant case the plaintiffs, appellees here, moved for severance of their cause against Rancho Alegre Corp. from their suit against the three individual defendants. The order of severance was granted on March 13, 1970 and on that date a default judgment was entered against the three individual defendants, the appellants in this appeal. The plaintiffs later agreed to the granting of a motion for new trial filed by the individual defendants and the individual defendants agreed not to contest the order of severance.

The individual defendants then filed an answer asserting that they executed the promissory note on which the suit is based as accommodation parties, and as such they are sureties and are entitled to invoke the provisions of § 34.03, Vernon's Ann.Civ. St., Business & Commerce Code. It states:

"(a) If a judgment granted against two or more defendants finds a suretyship relation between or among them, the court shall order the sheriff to levy the execution

"(1) first, against the principal's property which is located in the county where the judgment was granted;

"(2) second, if the sheriff cannot find enough of the principal's property in the county to satisfy the execution, against so much of the principal's property as he finds; and

"(3) third, against so much of the surety's property as is necessary to make up the balance of the amount shown in the writ of execution.

"(b) The clerk shall note the order to the sheriff on the writ of execution."

In their answer the individual defendants also stated that Rancho Alegre Corp., as the principal obligor under the promissory note, is a necessary, indispensable party to this proceeding as a third party defendant so that complete relief can be accorded to the individual defendants if they are adjudged liable to the plaintiffs. Further, that as creditors of Rancho Alegre Corp., by virtue of their suretyship, the individual defendants are restrained by the injunction entered by the Referee in Bankruptcy from commencing any suit against Rancho Alegre Corp. and therefore cannot join it as a third party defendant without being in contempt of the injunction. They ask that this suit be abated until the injunction has been dissolved or the bankruptcy arrangement proceeding has been terminated, stating that such action is and will be without prejudice to the plaintiffs' right to pursue their claim against Rancho Alegre Corp. through attempting to realize upon the security mortgaged to them by the corporation as primary obligor.

The plaintiff's motion for summary judgment was based on the pleadings, both of which were verified. It stated that the undisputed facts shown by the pleadings are:

"A. On or about April 18, 1968, GEORGE J. MUSEY, individually, JACK PAPICH, individually, and MARY PAPICH, individually, executed and delivered to Plaintiff, DICKINSON SOCIAL CLUB, INC., their one certain Promissory Note.

"B. On or about April 18, 1968, RANCHO ALEGRE CORPORATION executed and delivered to John Franklin, Trustee, for the benefit of DICKINSON SOCIAL CLUB, INC., its Deed of Trust.

"C. On or about May 6, 1968, DICKINSON SOCIAL CLUB, INC., collaterally assigned said Note and Deed of Trust to CITIZENS INVESTMENT COMPANY.

"D. The said Note is delinquent, and Plaintiffs, as legal owner and holder of said Note, on February 9, 1970, declared the same due and payable in its entirety, and the same is now due and payable in its entirety by its own terms.

"E. On February 9, 1970, the amount due and payable to Plaintiffs by Defendants was $49,360.63, plus interest and attorney's fees.

"F. For the purposes of this Motion, Plaintiffs agree that GEORGE J. MUSEY, JACK PAPICH, and MARY PAPICH, are accommodation makers."

Summary judgment was granted against the individual defendants jointly and severally in the amount of $49,360.63 plus interest and attorney's fees as provided in the note.

The appellants' three points of error state that the District Court erred 1) in refusing to abate or continue this cause until the appellants as sureties could join their co-maker, Rancho Alegre Corp., as a third party defendant, 2) in refusing to find a suretyship relationship between the appellants and Rancho Alegre Corp. and in failing to afford the appellants the rights and remedies set forth in Section 34.03, V.A.C.S., Business & Commerce Code, and in Rules 30, 31 and 32 of the Texas Rules of Civil Procedure, and 3) in granting the appellees' motion for summary judgment inasmuch as there was a genuine fact issue as to the principal-surety relationship between appellants and the Rancho Alegre Corp.

The Rules on which the appellants rely state:

"Rule 30. Parties To Suits

"Assignors, indorsers and other parties not primarily liable upon any instruments named in the title of the Revised Civil Statutes of Texas, 1925, dealing with Bills and Notes, may be jointly sued with their principal obligors, or may be sued alone in the cases provided for in Article 1986 and 1987 of such statutes.

"Rule 31. Surety Not To Be Sued Alone

"No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules.

"Rule 32. May Have Question of Suretyship Tried

"When any suit is brought against two or more defendants upon any contract, any one or more of the defendants being surety for the other, the surety may cause the question of suretyship to be tried and determined upon the issue made for the parties defendant at the trial of the cause, or at any time before or after the trial or at a subsequent term. Such proceedings shall not delay the suit of the plaintiffs."

The appellants argue in support of their points of error that they had a right 1) under Rule 32 to a determination of the principal-surety relationship they asserted between themselves and Rancho Alegre Corp., 2) to have their principal joined as a third party defendant, and 3) to have the judgment, if any, provide for the sequential execution set forth in Art. 34.03, V.A.C.S., Business & Commerce Code. They assert that in view of these rights the appellees failed to show that they were entitled to a judgment against the appellants as a matter of law.

We overrule the appellants' points of error. The appellants have not denied liability on the note. The appellees have agreed for purposes of the motion for summary judgment and for this appeal that the appellants are accommodation makers of the note sued upon. On the summary judgment record of this case there could be no other genuine issues of fact as to any of the essential elements of the plaintiffs' cause of action, so none remains.

Article 34.03 of the Business & Commerce Code is not applicable; the judgment

was not granted against two or more defendants in a suretyship relation.

■ The note in question specifically states, "All makers, sureties and endorsers are jointly and severally liable herefor, and * * * waive grace, protest, notice, demand, diligence, presentation for payment and presentation for maturity and time of commencement of suit. * * *" We find no basis for requiring the appellee to withhold action against the individual makers until it has first proceeded against the admitted accommodation maker.

■ It is well settled that an accommodation maker is bound on the instrument without any resort to his principal. Uniform Commercial Code Comment, Art. 3.414, Texas Bus. & Commerce Code, V.A. C.S. The Supreme Court of Texas stated in Reed v. Buck, 370 S.W.2d 867 (1963):

"We hold that when a party signs a note in the capacity of a maker, the payee (or one standing in the shoes of a payee) may sue such maker singly and proceed to judgment upon the note without joining in the suit another or others who may also appear upon the note as co-makers. If in truth and in fact one of the co-makers stands in the relationship of a surety to another co-maker, the burden evolves upon the one claiming a surety's rights to set up those rights by proper pleading and bring into the suit such other parties as may be required to afford him appropriate relief. Rules 30, 31 and 32, Texas Rules of Civil Procedure. We do not have before us a case in which a party defendant signed a negotiable instrument which shows upon its face that he signed in some other capacity than that of a maker.

"The wording of Section 29 of the Uniform Negotiable Instruments Act (Article 5933, § 29, Vernon's Ann. Tex. Civ. Stat.) indicates that one who contracts as a maker is presumed liable upon a promissory note even though he is an accommodation party and this fact is known to the payee of the note or a party holding under the payee. Section 29 provides that:

"'An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.'

"Cases from other American jurisdictions support the proposition that when one signs as a maker, he may be sued as such, although he is an accommodation maker and the party accommodated is not made a party to the suit."

Our Supreme Court also pointed out that an accommodation maker "may bring the principal debtor into the suit if this may be accomplished without an unreasonable delay of the case, or he may file an independent suit against the principal to recoup the loss occasioned by his being forced to pay the obligation."

■ Since the payee or holder may proceed to judgment against a maker without joining other co-makers, he should be able to proceed to judgment following severance of the suit against a co-maker.

We held in Rice v. Travelers Express Co., Tex.Civ.App., 407 S.W.2d 534 (1966, no writ), that it is proper for a trial court to proceed to judgment in a suit to collect a promissory note after severing from it the cross actions filed by defendants against each other when they are jointly and severally liable on the note even though one claims that he was liable only on his guaranty and asserts that final judgment should not be rendered against him until the payee showed inability to collect against the alleged principal.

The judgment of the trial court is affirmed.