Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-08-00684-CV

**PALISADES COLLECTION, LLC** as Assignee of Providian Bank,
Appellant

v.

Tomika T. **COLEMAN**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 317727
Honorable David Rodriguez, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  September 9, 2009

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in granting death penalty sanctions against Palisades Collection, LLC.  Although Palisades concedes that sanctions were warranted, Palisades asserts the sanctions imposed were excessive and should have been assessed exclusively against Palisades's attorney.  We affirm the trial court's judgment.

**BACKGROUND**

On September 7, 2006, Palisades sued Tomika T. Coleman alleging that she failed to pay $1,451.18 in credit card debt. On January 30, 2007, Coleman faxed Palisades requests for disclosure. The same day, Coleman faxed Palisades a request for dates to take the deposition of the individual with Palisades most knowledgeable of the basis for the suit.

On February 16, 2007, Coleman faxed Palisades interrogatories. On February 20, 2007, Coleman faxed Palisades a second request for dates to take the deposition of the individual with Palisades most knowledgeable of the matter.

On March 5, 2007, Coleman filed a counterclaim asserting Palisades's claim was wholly frivolous and alleging violations of the Federal Fair Debt Collection Practices Act, Texas Fair Debt Collection Practices Act, and Texas Deceptive Trade Practices Act. On March 6, 2007, Palisades non-suited its claim.

On March 26, 2007, Coleman faxed Palisades a letter, noting Palisades's responses to the interrogatories were due on March 21, 2007, but no responses had been received. The letter asked Palisades for its status on the responses. On April 4, 2007, Coleman faxed Palisades a letter in response to a voicemail. The letter acknowledged that Palisades had non-suited its claim but stated that Coleman's counterclaim remained pending. The letter further stated that if Palisades failed to respond to the interrogatories within seven days, Coleman would be forced to file a motion to compel.

On April 12, 2007, Palisades filed a motion to reinstate its claim. On April 17, 2007, Coleman faxed Palisades a letter with a proposed discovery control plan. The letter contained a third request for dates to take the deposition of the person from Palisades with the most knowledge

regarding the matter. On May 10, 2007, the trial court denied Palisades's motion to reinstate its claim.

On May 14, 2007, Coleman faxed Palisades a letter requesting dates to take the deposition of Marie Oliphant. The letter noted that the deposition dates were previously requested, but no response was received. The letter stated that if no response was received, Coleman would notice the deposition. On July 20, 2007, Coleman faxed Palisades a letter noting Palisades failed to respond to the request for dates and noticing Oliphant's deposition.

On August 2, 2007, Coleman faxed Palisades additional discovery, including requests for production, requests for admission, and interrogatories. The same day, Coleman faxed Palisades a motion to compel responses to prior discovery requests.

On August 9, 2007, the trial court granted Coleman's motion to compel discovery responses. Palisades was ordered to provide full and complete responses to certain discovery within ten days from the date of the trial court's order. On August 20, 2007, Coleman faxed Palisades a letter reminding Palisades of the trial court's order and requesting the discovery responses. On August 27, 2007, Oliphant failed to appear for the scheduled deposition.

On August 29, 2007, Coleman filed a motion for sanctions based on Palisades's failure to comply with the trial court's discovery order. On September 12, 2007, Coleman filed a motion for partial summary judgment seeking to establish Palisades's liability on Coleman's claims based on Palisades's deemed admissions.

On September 14, 2007, the trial court granted Coleman's motion for sanctions. Although Coleman proposed an order that would prevent Palisades from defending against Coleman's claims, the trial court struck through that language of the proposed order, and only required Palisades to pay

$1,000.00 as sanctions by September 28, 2007.  The trial court also granted Coleman's motion to compel discovery responses and ordered Palisades to pay $300.00 in attorney's fees by September 28, 2007.

On October 3, 2007, Coleman faxed Palisades a letter reminding Palisades that the trial court ordered it to respond to the discovery requests and pay $1,300.00 in sanctions.  On October 5, 2007, Coleman filed another motion for sanctions, asserting Palisades had not responded to the discovery or paid the sanctions.  On October 8, 2007, Palisades's attorney sent Coleman's attorney two checks in the amounts of $1,000.00, and $300.00, respectively.

On October 12, 2007, the trial court signed an order granting Coleman's motion for sanctions.[1]  The order contained the sanctions previously proposed by Coleman for the September 14, 2007 order, preventing Palisades from defending against Coleman's claims.  The trial court also signed an order granting Coleman's motion for partial summary judgment.

The cause was set for trial on November 5, 2007.  On November 5, 2007, the trial court signed an agreed order granting a continuance and resetting the cause for trial on March 31, 2008.

On March 18, 2008, a hearing was held on Palisades's motion for continuance.  Palisades's attorney requested the continuance because he was set for another trial in a case involving child protective services.  In addition, Palisades's attorney wanted additional time to have the sanctions reconsidered.  The trial court granted the motion for continuance and reset the cause for trial on April 28, 2008.

---

[1] In its brief, Palisades contends the trial court imposed the sanctions without holding a hearing and making a record.  The trial court's order, however, recites that a hearing was held.  The appellate record does not reflect that Palisades requested a record of the hearing.  *See* TEX. GOV'T CODE ANN. § 52.0246(a) (Vernon 2005) (requiring court reporter to take record on request).

On April 27, 2008, Palisades filed a motion to set aside the sanctions. On April 28, 2008, the trial court held a hearing and denied the motion.

**DISCUSSION**

"[W]hether an imposition of sanctions is just is measured by two standards." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). "First, a direct relationship must exist between the offensive conduct and the sanction imposed." *Id*. "Second, just sanctions must not be excessive." *Id*.

A.      Direct Relationship

"A just sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and the sanction should be visited upon the offender." *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003). "The trial court must attempt to determine whether the offensive conduct is attributable to counsel only, to the party only, or to both." *Id*

Chris Carnohan was the attorney representing Palisades when the lawsuit was filed and when the sanctions were imposed. Carnohan testified that Palisades sent its accounts to Paragon Way for servicing. Carnohan stated that Paragon Way represented Palisades, and the matter was "set up" to be "handled and conducted through Paragon Way." In response to whether Palisades told Carnohan that "it was okay to talk to Paragon Way about this matter on their [Palisades's] behalf," Carnohan stated, "That was the way it was all set up, yes."

Although Carnohan testified that employees in his office were responsible for not responding to the discovery, Carnohan also testified that he forwarded the motion to compel and orders to Trish Baxter, Paragon Way's in-house counsel, and she did not respond. Carnohan stated, "We didn't have any communication from her." Although Carnohan's office was able to speak with "other

litigation folks at Paragon Way," they did not want to take on "the burden of responding" or "instructing us in what to do." Carnohan stated, "So it all started hinging on Trish Baxter then. And – and we never were able to – to communicate with her. We just basically had to disconnect. We couldn't reach her and – and we couldn't obtain any response from her."

Carnohan testified that Marie Oliphant is an employee who signs affidavits for Palisades and who swore to Coleman's indebtedness. When Carnohan was asked for a reason Oliphant did not appear for her deposition, he stated, "I'm trying to remember if there was a – a conflict on her schedule that prevented her appearance at that time." Carnohan admitted that the monetary sanctions had been paid from Palisades's trust account, and he told the client about the sanctions.

Based on the evidence presented, the trial court could have determined that Palisades elected to delegate the handling of the legal matters involving Coleman's account to Paragon Way. The trial court could further have determined that the failure by Paragon Way's in-house counsel to communicate with Carnohan contributed to the failure to respond to the discovery. Accordingly, the trial court did not err in determining that the offensive conduct was attributable to both Carnohan and Palisades.

B.     Just Sanctions

"[A] sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes, which include securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators." *Spohn Hosp.*, 104 S.W.3d at 882. Courts must consider less stringent sanctions in determining whether lesser sanctions would fully promote compliance. *Id.*

The record reflects that the trial court exhausted less stringent sanctions without success. "Two orders to compel discovery preceded the ultimate sanction and were not enough to produce compliance." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 539 (Tex. App.—San Antonio 2004, pet. denied). The trial court's imposition of monetary sanctions also failed to promote compliance, and Palisades continued to engage in discovery abuse by failing to respond to the discovery requests despite being ordered to respond by the trial court. The trial court only imposed the sanctions that precluded Palisades from presenting a defense after Palisades ignored two prior court orders "in callous disregard for the responsibilities of discovery under the rules." *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 918. We hold, therefore, that the sanctions imposed by the trial court were just.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice