**Opinion issued December 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00049-CV

———————————

### JOE ANTHONY ROMERO, Appellant

### V.

### KROGER TEXAS, L.P., SEDGWICK CLAIMS MANAGEMENT SERVICES, AND PHILLIPS AKERS WOMAC, Appellees

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Case No. 10CV3689

## MEMORANDUM OPINION

Appellant, Joe Anthony Romero, brought a premises-liability suit against Kroger Texas, L.P., its third-party claims administrator (Sedgwick Claims Management Services), and its attorneys (Phillips Akers Womac). In six issues, Romero appeals the trial court's (1) granting of Sedgwick's motion for summary

judgment, (2) dismissal of Phillips Akers Womac based on failure to state a claim, and (3) granting Kroger's motion for sanctions that dismissed Romero's claims against it.

We affirm.

## Background

In September 2010, Romero filed suit against Kroger and Sedgwick for injuries allegedly sustained in May 2010 from slipping on the floor of Kroger's premises. A year later, Romero added Phillips Akers Womac as a party to the suit. Romero only referred to the law firm once in its allegations: "Plaintiff now requests that the court cite Phillips, Akers, and Womac, attorneys at law, as defendant/s in the above cause no. for their ability to conspire and coach the parties involved."

Sedgwick filed a traditional and no-evidence motion for summary judgment in September 2011. It alleged, in part, that Romero could not establish that it had created an unreasonably dangerous situation or that it had in any way conspired with Kroger against Romero. Romero did not file a response to the motion until the day of the hearing. No evidence was attached to the response. The trial court granted the motion.

Phillips Akers Womac and other defendants filed special exceptions to Romero's live pleading in November 2011. The law firm argued that Romero had

2

failed to plead a valid cause of action against it and asked that the claim against it be stricken. Romero did not file a response to the motion. The trial court granted the special exceptions and dismissed Romero's claim against the law firm.

After the trial court ruled on the special exceptions, only Kroger remained as a defendant. Previously, in August 2011, Kroger had served interrogatories and requests for production on Romero. He never responded to them. Kroger filed two motions to compel in October 2011. The trial court granted the motions to compel, requiring Romero to respond to the discovery requests within 45 days. The orders warned Romero that failure to respond would result in his pleadings being struck. Romero did not comply with the orders. Kroger filed a motion for sanctions, seeking dismissal of Romero's claims against it. On February 27, 2012—six months after Romero had been served with the discovery requests—the trial court granted the sanctions, and struck Romero's claims against Kroger. Romero filed a motion for new trial, which the trial court also denied.

## Motion for Summary Judgment

Romero challenges the trial court's grant of summary judgment in favor of Sedgwick.

### A. Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the non-movant presents more than a scintilla of evidence raising a fact issue on the challenged elements. *Flameout Design*, 994 S.W.2d at 834; *see also Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (holding "[m]ore than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions").

To determine if there is a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not.

4

*See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802 827 (Tex. 2005)). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When the trial court's summary judgment order does not state the basis for the trial court's decision, we must uphold the order if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## B.    Analysis

Romero alleged in his live pleading that Sedgwick bore responsibility for the injuries he sustained on Kroger's premises. In its no-evidence motion for summary judgment, Sedgwick argued there was no evidence that it (1) created an unreasonably dangerous situation, (2) had actual or constructive notice of a condition, (3) failed to reduce or eliminate the risk posed by a recently cleaned floor, (4) deprived or deceived Romero, (5) participated in any business plan to discriminate against Romero, and (6) conspired against Romero. The burden then shifted to Romero to establish some evidence of these matters. *See* TEX. R. CIV. P. 166a(i). Romero did not file a timely response to the motion. The response he did file did not include any evidence. We hold the trial court did not err by granting summary judgment in favor of Sedgwick.

5

**Special Exceptions**

Romero's live pleading mentions Phillips Akers Womac once in its allegations: "Plaintiff now requests that the court cite Phillips, Akers, and Womac, attorneys at law, as defendant/s in the above cause no. for their ability to conspire and coach the parties involved." Phillips Akers Womac filed special exceptions, claiming Romero had failed to state a claim against it and seeking dismissal of the invalid claims. The trial court agreed and struck any alleged claims against it.

**A.      Standard of Review & Applicable Law**

We review the trial court's ruling on special exceptions for an abuse of discretion. *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). We limit our review to the live pleadings; evidence is not considered. *Id.* If the plaintiff has failed to assert a claim recognized in Texas, "the defendant may file special exceptions and a motion to dismiss." *Id.* at 96–97.

**B.      Analysis**

Romero alleged that Phillips Akers Womac was a defendant in the case "for their ability to conspire and coach the parties involved." Romero made no allegation that the law firm had actually "conspired" or coached the other defendants. Romero only claimed the law firm had that ability. We agree with the trial court that there is not a recognized cause of action in Texas against a person or

entity for simply having the ability to conspire with or coach others. We hold the trial court did not abuse its discretion by granting the special exceptions and striking Romero's alleged claims against Phillips Akers Womac.

## Death Penalty Sanctions

Kroger served Romero with interrogatories and requests for production. Romero never responded to the discovery requests. As a result, Kroger filed a motion to compel. At the hearing, the trial court ordered Romero to respond to the discovery requests and gave him 45 days to respond. Romero still did not respond. Kroger filed a motion for sanctions, asking the trial court to dismiss all claims asserted by Romero against Kroger. The trial court granted the motion for sanctions and denied Romero's subsequent motion for new trial.

## A. Standard of Review

We review a trial court's ruling on a motion for sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Id.* at 839. We reverse only if the trial court's ruling it arbitrary or unreasonable. *Id.*

**B.    Analysis**

The legitimate purposes of discovery sanctions are (1) to secure compliance with discovery rules, (2) to deter other litigants from similar misconduct, and (3) to punish violators.  *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992); *Salomon v. Lesay*, 369 S.W.3d 540, 557 (Tex. App.—Houston [1st Dist.] 2012, no pet.).  The sanction imposed by the court must be "just."  TEX. R. CIV. P. 215.2(b); *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).  "Two factors mark the bounds of the trial court's discretion in order for sanctions to be just: first, a direct relationship between the offensive conduct and the sanction imposed must exist; and second, the sanction imposed must not be excessive."  *Chrysler*, 841 S.W.2d at 849.

Rule 215.2 of the Texas Rules of Civil Procedure allows a trial court to sanction a party for failure to comply with a discovery order or request.  *See* TEX. R. CIV. P. 215.2; *Cire*, 134 S.W.3d at 839.  Among the sanctions available under Rule 215.2 are orders "striking out pleadings or parts thereof," "dismissing with or without prejudice the actions or proceedings or any part thereof," and "rendering a judgment by default against the disobedient party."  TEX. R. CIV. P. 215.2(b)(5).  These sanctions are often referred to as "death penalty" sanctions.  *See generally Cire*, 134 S.W.3d at 840–41.  "When a trial court strikes a party's pleadings and dismisses its action or renders a default judgment against it for abuse of the

8

discovery process, the court adjudicates the party's claims without regard to their merits but based instead upon the parties' conduct of discovery." *TransAmerican*, 811 S.W.2d at 918.

Before imposing death penalty sanctions, the trial court ordinarily must consider and test lesser sanctions that would promote compliance with the rules. *Cire*, 134 S.W.3d at 842. The trial court may impose death penalty sanctions as a first resort, however, when the offending party demonstrates "egregious conduct and blatant disregard for the discovery process." *Id.* Moreover, for death penalty sanctions to be just, the trial court "must determine that 'a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit.'" *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993) (quoting *TransAmerican*, 811 S.W.2d at 918).

In all, Romero had six months from the time the discovery requests were first served on him to the time his pleadings against Kroger were struck. In that time, there is no evidence at all that Romero responded to any of the interrogatories or discovery requests. Despite the trial court's order to respond to Kroger's discovery requests, Romero refused to comply.

Typically, an order to compel responses to discovery is not, in itself, a lesser sanction, which must be imposed before death penalty sanctions are assessed. *Andras v. Mem'l Hosp. Sys.*, 888 S.W.2d 567, 572 (Tex. App.—Houston [1st Dist.]

1994, writ denied). "However, an order to compel joined with a statement that noncompliance would result in dismissal does constitute a lesser sanction." *Id.*; *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 539 (Tex. App.—San Antonio 2004, pet. denied) (same).

The trial court's orders requiring Romero to respond to the discovery requests warned Romero that, if he failed to respond, "Plaintiffs' pleadings will be stricken." Accordingly, the trial court's order granting the motions to compel served as lesser sanctions. *See Andras*, 888 S.W.2d at 572. We hold the trial court did not abuse its discretion by dismissing Romero's claims against Kroger.

### Remaining Issues

Romero's brief and supplemental brief contain a number of other complaints against the defendants and the trial court. An appellate court's opinion must be "as brief as practicable but that addresses every issue raised and *necessary* to final disposition." TEX. R. APP. P. 47.1 (emphasis added). Our review of the issues raised above fully supports the trial court's final judgment as it relates to Romero's claims against the identified defendants. There is not any matter remaining in appellant's brief that has been properly preserved and briefed that would affect our disposition of the above issues. Accordingly, we do not need to address the remainder of Romero's issues.

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

11