

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00327-CV

**IN RE** Alex **CRUZ**

Original Mandamus Proceeding[1]

Opinion by:     Velia J. Meza, Justice

Sitting:          Irene Rios, Justice
                 Adrian A. Spears II, Justice
                 Velia J. Meza, Justice

Delivered and Filed: February 4, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED AND DENIED IN PART

Relator, Alex Cruz ("Cruz"), filed a petition for writ of mandamus and a motion for temporary stay challenging the trial court's April 16, 2025 omnibus order, requiring him to deposit $14,000 into the registry of the court and leaving in place a previously entered temporary injunction. We granted Cruz's motion for temporary relief and requested the real party in interest, JS7 Investments, LLC ("JS7"), and the respondent file their responses to the petition for writ of mandamus, if any, no later than November 5, 2025. Neither party has filed a response. For the reasons more fully set forth below, the petition for writ of mandamus is conditionally granted in part and denied in part.

---

[1]This proceeding arises out of Cause No. 2022-CI-08479, styled *JS7 Investments, LLC v. Welcome Home Club, LLC, et al*, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

## I. BACKGROUND

The underlying lawsuit concerns alleged unpaid short-term rental revenue and control of an Airbnb account associated with several rental properties in Bexar County. JS7 filed suit against Cruz and several allegedly related parties asserting that they breached a June 2020 verbal agreement, seeking recovery of purported unpaid rental fees, and demanding control of the Airbnb account tied to the properties.

In May of 2022, the trial court held a hearing to consider JS7's application for temporary injunction. The trial court ordered Cruz to, among other things, furnish the Airbnb credentials for the pertinent property, direct communications regarding the Airbnb account to JS7, deposit $54,000 into the registry of the court,[2] and deposit upcoming rental revenues into the IOLTA account of JS7's counsel. The $54,000 represented the amount JS7 claimed in unpaid rental fees at the hearing. The order further set trial for January 9, 2023. The trial date has been continued on multiple occasions. On January 7, 2025, the trial was continued without a reset date.

JS7's counsel withdrew their representation on January 13, 2025. According to Cruz, he had propounded his second set of requests for admissions on JS7's counsel prior to the withdrawal.[3] Cruz propounded his third set of requests for admissions on JS7 on January 19, 2025.

On January 13, 2025, Cruz filed a motion to enforce prior discovery orders rendered against JS7. That hearing was held on January 17, 2025. Jagath Santha ("Santha"), the sole owner of JS7, appeared at that hearing and announced that JS7 was not ready. The trial court advised Santha that he could not represent JS7 as an entity and ordered JS7 to retain counsel by February 21, 2025.

---

[2] The order originally required relator to deposit the $54,000 into the IOLTA account for the real party in interest's counsel. It is not clear how the funds came to be deposited into the registry of the court, but the record clearly reflects that they were ultimately deposited into the court's registry.

[3] Relator's Tab D-2 purports to be the certificate of electronic service for his second set of requests for admissions but is actually the certificate of electronic service for his second set of requests for production.

The hearing was reset to March 3, 2025. On February 19, Cruz filed a motion to deem requests for admissions admitted and preclude JS7 from amending its responses.

On February 26, 2025, the court held a hearing on Cruz's motion to deem the second and third requests for admissions admitted as well as his motion to release funds from the registry of the court. Santha again appeared without counsel for JS7. The trial court granted both of Cruz's motions on February 28, 2025, and encouraged Santha to retain counsel for JS7 as soon as possible to participate in future hearings. The orders deemed admitted all requests for admission contained in Cruz's second and third sets of requests, except for the specific items Cruz withdrew, and directed the clerk to return $14,000 of the funds previously deposited into the court's registry.

On March 3, 2025, neither Santha nor any representative of JS7 appeared for the hearing that had been reset on January 17, 2025. The hearing proceeded without them. The trial court then signed an order on March 20, 2025, requiring JS7 to comply with various discovery requests, waiving any objections by JS7, awarding costs and fees to Cruz, and advising of potential contempt of court.

Following the March 3, 2025, hearing and prior to the resultant order being signed, JS7, through counsel, filed a motion for extension of time to respond to the proposed relief from the February 26 and March 3 hearings as well as a motion to reconsider same. The motion argued that JS7 had faced challenges in securing new counsel, which affected its ability to respond to discovery, and claimed procedural unfairness due to lack of notice and participation in hearings. JS7 asserted that Cruz had engaged in deliberate gamesmanship of the discovery process intended to exploit the withdrawal of JS7's counsel, including serving discovery requests on counsel after their withdrawal. JS7 contended that the sanctions were excessive and sought a 60-day extension to address these issues and reconsider the adverse rulings.

The trial court issued an order on April 16, 2025, that, among other things, allowed JS7 to withdraw their deemed admissions and ordered Cruz to return the $14,000 that had been previously withdrawn to the court registry.

This petition for writ of mandamus ensued.

## II. DISCUSSION

### A. MANDAMUS STANDARD

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018). It is proper only to correct a clear abuse of discretion or the violation of a duty imposed by law, and there is no other adequate remedy at law. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). However, the relator need not establish that they lack an appellate remedy to challenge a void order by mandamus. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) ("[B]ecause the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate."); *In re Oluma*, No. 14-25-00350-CV, 2025 WL 1408912, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2025, orig. proceeding) ("However, a trial court abuses its discretion when it issues a void order, and mandamus will issue to remedy the void order regardless of whether the relator has an adequate remedy by appeal."); *In re G.P.*, 665 S.W.3d 127, 131 (Tex. App.—Austin 2023, orig. proceeding) (same).

### B. LAW AND ANALYSIS

> **i. The trial court did not abuse its discretion when it allowed the real party in interest to withdraw the previously deemed admissions.**

Rule 198.3 of the Texas Rules of Civil Procedure permits a party to withdraw or amend an admission if the party shows good cause for the withdrawal or amendment and the court finds that the (1) parties relying on the responses and deemed admissions will not be unduly prejudiced and

(2) presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission. TEX. R. CIV. P. 198.3. Rule 198.3 does not require the trial court to reduce its findings to writing. *See In re N.K.M.*, No. 04-09-00717-CV, 2010 WL 3443210, at *3 (Tex. App.—San Antonio Sept. 1, 2010, orig. proceeding) ("When the trial court does not make express findings of fact and conclusions of law, we assume the court made implicit findings of fact in support of its ruling as long as such findings are supported by the record."); *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 536 (Tex. App.—San Antonio 2004, pet. denied) ("When reviewing a trial court's imposition of sanctions, any conflicts must be viewed in the light most favorable to the trial court's ruling, and all inferences must be made in favor of the court's judgment."); *and In re Williams*, 328 S.W.3d 103, 113 (Tex. App.—Corpus Christi–Edinburg 2010, orig. proceeding) (holding that trial court's implicit findings regarding control or alter ego determination were sufficiently supported by the record).

"In assessing sanctions for discovery abuse, the trial court may consider everything that has occurred during the litigation." *Paradigm Oil, Inc.*, 161 S.W.3d at 536. We have reviewed relator's petition and the accompanying record, including the briefing and record submitted to the trial court on JS7's motion to reconsider the discovery orders deeming Cruz's second and third requests for admissions admitted and the transcript from the hearing on the motion. This court has determined that relator has not established that he is entitled to the relief sought regarding the requests for admissions. Relator's request to reinstate the February 26, 2025 order deeming admissions admitted against JS7 Investments, LLC is **DENIED**.

### ii. The temporary injunction became void on January 7, 2025.

Rule 683 of the Texas Rules of Civil Procedure requires every order granting a temporary injunction to "include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The requirements of Rule 683 "are mandatory, and an order

granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) ("The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved.").

Rule 683's requirements continue throughout the duration of the temporary injunction. *See Danbill Partners, L.P. v. Sandoval*, 621 S.W.3d 738, 752 (Tex. App.—El Paso 2020, no pet.) (holding that modification of temporary injunction without trial setting rendered the temporary injunction void). *Danbill Partners, L.P.* is instructive. There, the trial court issued a temporary injunction on May 6, 2019, which contained a February 4, 2020 trial date. *Id.* at 750. The restrained party filed a notice of appeal regarding the temporary injunction on May 20, 2019, prompting the trial court to enter an order vacating the trial setting "until a decision from the Court of Appeals is rendered." *Id.* The El Paso Court of Appeals held that the order vacating the trial setting had the effect of modifying the temporary injunction and thus was subject to interlocutory appeal under Section 51.014(a)(4) of the Texas Civil Practices and Remedies Code. *Id.* at 751. Critically, the court found, as we do today, that the temporary injunction order became "void" once it no longer complied with the requirements of Rule 683 of the Texas Rules of Civil Procedure. *Id.* at 752 ("[T]he trial court's decision to vacate the trial setting indefinitely pending appeal transformed an otherwise valid temporary injunction order on May 6, 2019, and rendered it void because of the subsequent modification on June 12, 2019.").

That the temporary injunction becomes "void" and not merely "voidable" is critical for relator. *See In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, orig. proceeding) (holding temporary injunction that failed to comply with rules 683 and 684 was void, not voidable).

Litigants generally have an adequate remedy by interlocutory appeal for wrongfully granted temporary injunctions. TEX. CIV. PRAC. & REM. CODE § 51.014(4). However, void orders are the only class of orders for which mandamus will issue regardless of whether the relator has an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605 ("[B]ecause the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate."); *In re Oluma*, 2025 WL 1408912, at *1 ("However, a trial court abuses its discretion when it issues a void order, and mandamus will issue to remedy the void order regardless of whether the relator has an adequate remedy by appeal."); *In re G.P.*, 665 S.W.3d at 131 (same).

Here, the trial court granted a continuance of the trial without date on January 7, 2025. This continuance had the practical effect of modifying the temporary injunction such that it failed to comply with Rule 683 rendering it void. The issuance of a void order is an abuse of discretion for which the relator need not establish the absence of an appellate remedy.

### iii. The trial court abused its discretion in ordering the return of funds to the registry of the court.

The temporary injunction ordered Cruz to deposit $54,000 into the registry of the court. That injunction became void on January 7, 2025, when the trial was continued without date. *See supra*. The trial court has the inherent authority to order a party to pay funds into the registry of the court if there is evidence that the disputed funds are in danger of being lost or depleted. *N. Cypress Med. Ctr. Operating Co., Ltd. v. St. Laurent*, 296 S.W.3d 171, 178 (Tex. App.—Houston [14th Dist.] 2009, no pet.). However, trial courts possess limited mechanisms with which to order a party to deposit contested funds and those mechanisms generally require compliance with specific mandates. *See, e.g.* TEX. CIV. PRAC. & REM. CODE ch. 64 (Receivership); *id.* at ch. 61 (Prejudgment attachment); TEX. R. CIV. P. 43 (Interpleader). The trial court originally required the $54,000 to be deposited into the IOLTA account for then counsel for JS7. Although it is not clear

how those funds came to be deposited into the court registry, it is clear that Cruz was required to pay them pursuant to the court ordered temporary injunction. Nothing in the record indicates a separate basis to require their deposit. Accordingly, the April 16, 2025, order requiring Cruz to deposit $14,000 into the registry of the court was an abuse of discretion. Further, because the order was ancillary to the void temporary injunction, we find that Cruz lacks an adequate remedy by appeal.[4]

### III. CONCLUSION

For the reasons set forth above, we **CONDITIONALLY GRANT THE PETITION FOR WRIT OF MANDAMUS IN PART AND DENY IT IN PART**. We direct the trial court to vacate those parts of its April 16, 2025, order continuing in effect the temporary injunction previously issued and ordering the relator to deposit $14,000 into the registry of the court. The trial court is further directed to dissolve the June 3, 2022 temporary injunction. This writ will issue only if the trial court fails to comply.

All other relief requested is **DENIED**. The stay previously issued in this matter is **LIFTED**.

Velia J. Meza, Justice

---

[4] Relator has not challenged whether the trial court has authority to retain the $40,000 that remains in the registry and we make no holding regarding the disposition of those funds.